```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
U.S. SPECIALTY INSURANCE COMPANY,        :    16cv4414 (DLC)
                                         :
                Plaintiff,               :    MEMORANDUM OPINION
                                         :        AND ORDER
        -v-                              :
                                         :
CATALENT, INC.,                          :
                Defendant.               :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the Plaintiff:

Jeffrey S. Weinstein
Emilie Bakal-Caplan
Sara F. Lilling
Mound Cotton Wollan & Greengrass LLP
One New York Plaza, 44th Floor
New York, NY 10004-1486

For the Defendant:

Elizabeth A. Edmondson
Jenner & Block LLP
919 Third Avenue
New York, NY 10022-3908

John H. Mathias, Jr.
David M. Kroeger
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654

DENISE COTE, District Judge:

On March 10, 2017, Catalent, Inc. ("Catalent") filed a motion for reconsideration of the February 24 Opinion granting the motion for judgment on the pleadings brought by U.S. Specialty Insurance Company ("USSIC"). U.S. Specialty Ins. Co. v. Catalent, Inc., No. 16cv4414 (DLC), 2017 WL 728704 (S.D.N.Y.

Feb. 24, 2017) ("2017 Opinion"). For the reasons discussed below, Catalent's motion for reconsideration is denied.

**DISCUSSION**

The standard for granting a motion for reconsideration is "strict." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed. R. Civ. P.). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Id. (citation omitted). "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (citation omitted).

Familiarity with the 2017 Opinion is presumed. Only those facts necessary to understand the arguments presented in the motion for reconsideration are repeated here. USSIC issued a "Special Coverages Policy" to Catalent effective June 9, 2014 to June 30, 2017 (the "Policy"). Between January and October of

2015, Catalent detected several instances of "out-of-place" capsules during the execution of its quality control procedures in its manufacturing facility in Beinheim, France.  Because of the contaminations, the National Agency for the Safety of Medicines and Health Products, the primary French pharmaceutical regulatory agency, suspended operations at Catalent's Beinheim facility.  Catalent sustained losses in excess of $10,000,000 related to the suspension.  Crucial to this motion, "Catalent never received a written or oral demand for money related to the contamination and admits that it has not identified a 'sum of monies or the monetary value of any other consideration surrendered by or on behalf of the INSURED as an extortion payment' arising from these events."  Catalent, 2017 WL 728704, at *2 (quoting Policy language).  The Policy provides coverage as relevant here for "Hazard 4.  Extortion Property Damage."  A Hazard 4 LOSS is defined as "the sum of monies or the monetary value of any other consideration surrendered by or on behalf of the Insured as an extortion payment arising from one event or connected series of events."  (Emphasis supplied.)

USSIC denied coverage for the business losses related to the contaminations and filed this declaratory judgment action on June 13, 2016.  Catalent moved for judgment on the pleadings on

October 7, and USSIC cross-moved on October 28.[1] The 2017 Opinion found that "[t]he parties agree that no 'Extortion Property Damage' or 'LOSS' as defined in Hazard 4 of the Policy has occurred" and that "the plain language of the Policy is unambiguous that coverage for . . . additional expenses is predicated on the existence of an event that qualifies as a Hazard 4 event." Catalent, 2017 WL 728704, at *4.

Catalent's principal argument on reconsideration relies on a deposition taken the day before the 2017 Opinion was issued.[2] USSIC's Rule 30(b)(6) witness testified that in order for there to be coverage under the Policy there must be a "loss or a demand for a loss." In other words, to qualify for coverage under the Policy, the policyholder need not pay an extortion amount "as long as there is the demand for an extortion payment."

Even if it were proper to consider this testimony on a motion for reconsideration, and it is not, this testimony does not suggest that the motion for reconsideration should be granted. The deposition testimony indicates that, at the very least, a _demand_ for payment is necessary for coverage under Hazard 4 of the Policy, even if no payment is made. Catalent

---

[1] The March 10 Opinion incorrectly stated that USSIC filed the first motion for judgment on the pleadings, and Catalent cross-moved.

[2] The parties vigorously dispute whether this evidence is properly considered on reconsideration or at the motion for

4

previously admitted that it never made an extortion payment and does not now suggest that it received a demand for an extortion payment.

## Conclusion

Catalent's March 10, 2017 motion for reconsideration is denied.

Dated:    New York, New York
          June 9, 2017

                               _____
                                      DENISE COTE
                               United States District Judge

---

judgment on the pleadings stage.